**STATE OF WEST VIRGINIA**
**SUPREME COURT OF APPEALS**

**FILED**

**April 10, 2017**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

*In re*: **A.F.-1, A.F.-2, J.M.-1, J.M.-2, P.S., N.M, Z.M., and A.M.**

**No. 16-0989** (Mingo County 16-JA-30, 16-JA-31, 16-JA-32, 16-JA-33, 16-JA-34, 16-JA-35, 16-JA-36, & 16-JA-39)

**MEMORANDUM DECISION**

Petitioner Father D.M., by counsel Jerry M. Lyall, appeals the Circuit Court of Mingo County's September 21, 2016, order terminating his parental rights to A.F.-1, A.F.-2, J.M.-1, J.M.-2, P.S., N.M, Z.M., and A.M.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed a response in support of the circuit court's order and a supplemental appendix. The guardian ad litem ("guardian"), Diana Carter Wiedel, filed a response on behalf of the children supporting the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating his parental rights to the children.[2]

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In March of 2016, the DHHR filed an abuse and neglect petition against the parents, in which it alleged severe drug use in the home. Specifically, according to a Child Protective Services ("CPS") investigation, the house contained packets of heroin residue, dirty needles, and other paraphernalia. Further, it was alleged that the home smelled of feces and urine from two

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W.Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W.Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W.Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W.Va. 641, 398 S.E.2d 123 (1990). Additionally, because two sets of children share the same initials, we will refer to them as A.F.-1, A.F.-2, J.M.-1 and J.M.-2 throughout this memorandum decision. Finally, we note that petitioner is not the biological father of children A.F.-1 and A.F.-2, although he does allege status as their psychological parent.

[2]Petitioner raises four discrete assignments of error, each of which challenge the termination of petitioner's parental rights and the factual findings that served as the basis for termination. We will address the assignments of error as a single ground asserting error in the termination of his parental rights.

dogs therein. The mother initially denied the drug paraphernalia belonged to her, but she later admitted it belonged to she and petitioner after a CPS worker noticed track marks on her arm. The mother also told CPS that she was no longer with petitioner and that he lived in Ohio. According to the petition, petitioner also abused various drugs, including, but not limited to, prescription pills, methadone, and methamphetamine. As such, the DHHR alleged that the parents' drug abuse led to the children's abuse and neglect.

The circuit court held a preliminary hearing in April of 2016. Prior to the hearing, the DHHR filed two amended petitions to include an additional child and three additional adult respondents. During the hearing, the circuit court found probable cause for the children's removal and ordered they remain in DHHR custody. The circuit court held an adjudicatory hearing in May of 2016, during which it found that petitioner neglected the children by virtue of his substance abuse, among other issues.

In August of 2016, the circuit court held a dispositional hearing. Petitioner did not attend in person but was represented by counsel. According to a CPS worker, petitioner recently married the mother and both were supposedly entering a substance abuse detoxification facility, although there was no direct evidence offered to confirm the same. Testimony established that petitioner's compliance with services was minimal, as he was present for in-home services on only one or two occasions and attended two or three visits with the children during the entire proceedings. According to petitioner's psychological evaluator, he displayed issues with defensiveness, minimization of problem areas, and impaired problem solving. Ultimately, the circuit court terminated petitioner's parental rights to the children.[3] It is from the resulting order that petitioner appeals.

---

[3]The parental rights of all parents to all children were terminated in the proceedings below, with the exception of mother A.N., biological mother of A.F.-1 and A.F.-2, who was granted an improvement period at disposition. According to the guardian and the DHHR, the permanency plans for the children are as follows: A.F.-1 and A.F.-2 were reunited with their mother, A.N., with a goal of remaining in the home upon successful completion of her improvement period; J.M.-1, J.M.-2, P.S., N.M, Z.M., and A.M. are placed in two separate relative placements with a goal of adoption in the home. A.F.-1 and A.F.-2 are not addressed in the companion appeal by mother S.F. because she made no claim of parental, guardianship, or custodial rights to those children and, accordingly, they were not the subject of that appeal.

The Court notes that the parties and the record are silent as to a concurrent permanency plan for children A.F.-1 and A.F.-2. Rule 28(a)(4) of the West Virginia Rules of Procedure for Child Abuse and Neglect Proceedings requires case plans in all abuse and neglect cases to contain "[t]he permanency plan *and concurrent plan* for the child, which are designed to achieve timely permanency for the child . . . ." (emphasis added). That rule goes on to state that "documentation must be provided to show reasonable efforts to prevent removal or to ensure reunification within the time frames set in the plan, *as well as reasonable efforts to work toward the concurrent plan*, which may be adoption, minor guardianship, another planned permanent living arrangement (APPLA), or emancipation . . . ." (emphasis added). Because the record contains no information regarding the concurrent permanency plan for children A.F.-1 and A.F.-

(continued . . . )

2

The Court has previously established the following standard of review:

"Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's termination of petitioner's parental rights.

On appeal to this Court, petitioner's entire argument is premised upon his assertion that he submitted to substance abuse treatment below. Accordingly, petitioner argues that the circuit court's factual findings and termination of his parental rights were erroneous, given that he addressed the underlying issues of substance abuse that necessitated the petition's filing. We do not agree. On the contrary, petitioner not only failed to attend the dispositional hearing, but he also failed to provide evidence of his enrollment in a substance abuse treatment program. The record shows that at disposition a CPS worker was asked if petitioner and the mother were still together, to which worker responded that she believed they got married and "were supposed to enter detox." The CPS worker later made an additional statement that petitioner stole money from the mother before going to detox. Simply put, this does not amount to evidence of petitioner's enrollment in, or completion of, any form of substance abuse treatment. The fact remains that, at the time of the dispositional hearing, there was no evidence of petitioner's enrollment in any substance abuse treatment.

---

2, the Court reminds the circuit court of its duty to establish permanency for the children. *See* Rule 39(b) of the Rules of Procedure for Child Abuse and Neglect Proceedings (establishing a duty to hold a permanent placement review hearing at least once every three months until permanent placement is achieved, among other requirements); and Rule 43 of the Rules of Procedure for Child Abuse and Neglect Proceedings (requiring circuit courts to achieve permanent placement of an abuse and neglected child within twelve months of disposition). Additionally, the Court reminds the guardian that her "role in abuse and neglect proceedings does not actually cease until such time as the child[ren are] placed in a permanent home." Syl. Pt. 5, *James M. v. Maynard*, 185 W.Va. 648, 408 S.E.2d 400 (1991).

The record is clear that the DHHR provided petitioner with services under the family case plan, including in-home parenting education and supervised visitation. The record is additionally clear that petitioner's compliance with these services was minimal. Accordingly, the circuit court found that petitioner failed to comply with services for the first three months they were offered and that once petitioner began complying he failed to follow through with those services. These findings are supported by substantial evidence from petitioner's service providers, as outlined above. As such, it is clear that petitioner's own failure to comply with services or follow through with the same established that there was no reasonable likelihood he could substantially correct the conditions of abuse and neglect in the near future.

According to West Virginia Code § 49-4-604(c)(3), a circumstance in which there is no reasonable likelihood the conditions of abuse and neglect includes one in which

> [t]he abusing parent . . . [has] not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child, as evidenced by the continuation or insubstantial diminution of conditions which threatened the health, welfare or life of the child;

Petitioner failed to comply with the services offered, as evidenced by his non-compliance and the fact that he provided no evidence of his substance abuse treatment at the dispositional hearing. Further, the circuit court heard testimony about concerns from petitioner's psychological evaluator regarding his ability to correct the conditions of abuse and neglect. As such, it is clear that the circuit court was presented with sufficient evidence upon which to find that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse or neglect. Moreover, the circuit court also found that reunification with petitioner was not in the children's best interests. Pursuant to West Virginia Code § 49-4-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

For the foregoing reasons, we find no error in the decision of the circuit court, and its September 21, 2016, order is hereby affirmed.

Affirmed.

**ISSUED**: April 10, 2017


**CONCURRED IN BY**:

Chief Justice Allen H. Loughry II
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Elizabeth D. Walker

4